# EXHIBIT A

**FILED FOR RECORD**
Cause No.: B-20-06-0573-CV
Ector County - 161st District Court
Ector County, Texas
6/2/2020 4:01 PM
**Clarissa Webster**
**District Clerk**
By: Fayette Heller, Deputy

CAUSE NO. B-20-06-0573-CV
_____

| | | |
|---|---|---|
| **JULIO CESAR FRAGA** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | **ECTOR COUNTY, TEXAS** |
| | § | |
| **SWIFT TRANSPORTATION CO.** | § | |
| **OF ARIZONA, LLC,** | § | |
| **CARLOS BERNAL PORTILLO,** | § | |
| **MILLENNIAL TRANSPORT SERVICES,** | § | |
| **INC., MINA LEASING AND** | § | |
| **FINANCIAL, LLC, AND JUAN** | § | |
| **AURELIO GARCIA** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

## TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JULIO CESAR FRAGA, hereinafter called Plaintiff, complaining of SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, CARLOS BERNAL PORTILLO, MILLENNIAL TRANSPORT SERVICES, INC., MINA LEASING AND FINANCIAL, LLC, and JUAN AURELIO GARCIA, hereinafter called Defendants, and for cause of action would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

### I.

Discovery in this cause of action is intended to be conducted under Level 2 of Rule 190.3, Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

### II.

Venue is proper in Ector County pursuant to Chapter 15, Texas Civil Practice and Remedies Code, as this is the county in which all or a substantial part of the events or

omissions giving rise to the claim occurred.

Jurisdiction is proper in this Court in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts of the State of Texas.

## PARTIES AND SERVICE

### III.

Plaintiff, JULIO CESAR FRAGA, resides in Decatur, Texas. The last three digits of Plaintiff's driver's license number are 526. The last three digits of Plaintiff's social security number are 991.

Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, is a foreign limited liability company doing business in the State of Texas and may be served with process by serving its registered agent for service of process, National Registered Agents, Inc., at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136, by certified mail, return receipt, issued by the District Clerk of Ector County, Texas.

Defendant, CARLOS BERNAL PORTILLO, resides at 1487 C El Principio, Col Tierra Nueva Juarez, Mexico 32599, and may be served with process at this address or wherever he may be found, through the Hague Service Convention.

Defendant, MILLENNIAL TRANSPORT SERVICES, INC., is a Texas corporation doing business in the State of Texas and may be served with process by serving its registered agent for service of process, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136, by certified mail, return receipt requested, issued by the District Clerk of Ector County, Texas.

Defendant, MINA LEASING AND FINANCIAL, LLC, is a foreign limited liability

company doing business in the State of Texas and may be served with process by serving its registered agent for service of process, CT Corporation System, at 334 North Senate Avenue, Indianapolis, Indiana 46204, by certified mail, return receipt requested, issued by the District Clerk of Ector County, Texas.

Defendant, JUAN AURELIO GARCIA, resides at 3767 John Henry St., El Paso, El Paso County, Texas 79938, and may be served at this address or wherever he may be found.

### FACTS AND CAUSES OF ACTION

#### IV.

At approximately 4:00 a.m. on December 4, 2018, Plaintiff was traveling in a 2018 Ford F250 pickup and towing a 2017 trailer eastbound on Interstate Highway 20 in Ector, Ector County, Texas. Defendant, JUAN AURELIO GARCIA, was operating a 2019 Freightliner Cascadia 113 tractor owned and/or leased by Defendants, MILLENNIAL TRANSPORT SERVICES, INC. and/or MINA LEASING AND FINANCIAL, LLC, and towing a 2018 Great Danes trailer owned and/or leased by Defendants, MILLENNIAL TRANSPORT SERVICES, INC. and/or MINA LEASING AND FINANCIAL, LLC, while in the course and scope of his employment with Defendants, MILLENNIAL TRANSPORT SERVICES, INC. and/or MINA LEASING AND FINANCIAL, LLC, traveling ahead of Plaintiff. Defendant, CARLOS BERNAL PORTILLO, was operating a 2014 Freightliner tractor owned and/or leased by Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, and towing a 2014 Great Dane Trailers trailer owned and/or leased by Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, while in the course and scope of his employment with Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,

traveling eastbound on Interstate Highway 20, and following behind Plaintiff. Suddenly and

without warning, Defendant, CARLOS BERNAL PORTILLO, failed to control his vehicle,

and struck Plaintiff's trailer, causing Plaintiff's tractor to collide with the trailer being operated

by Defendant, JUAN AURELIO GARCIA, subjecting Plaintiff to tremendous force.

V.

Defendants, CARLOS BERNAL PORTILLO, was negligent in various acts and

omissions, which negligence was the proximate cause of the occurrence in question which

includes, but is not limited to, the following:

1.     Violating Section 545.062 of Vernon's Texas Statutes and Codes Annotated,
       Transportation Code, which reads, in pertinent part, as follows:

       (a) An operator shall, if following another vehicle, maintain an
       assured clear distance between the two vehicles so that,
       considering the speed of the vehicles, traffic, and the conditions
       of the highway, the operator can safely stop without colliding
       with the preceding vehicle or veering into another vehicle,
       object, or person on or near the highway.

2.     Failing to keep a proper lookout;
3.     Failing to timely apply brakes;
4.     Failing to control the vehicle;
5.     Failing to act and/or respond in a reasonable manner; and
6.     Failing to control the speed of the vehicle.

Each of the foregoing acts of negligence was the proximate cause of the collision in

question and the injuries and damages of Plaintiff.

VI.

At the time and on the occasion in question, and immediately prior thereto, Defendant,

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, committed acts of omission and

commission, which collectively and severally constituted negligence and which were a

proximate cause of the injuries to and the damages of Plaintiff.

Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC's independent acts

of negligence include, but are not limited to, the following:

1. Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless;

2. Hiring and continuing to retain an unsafe, unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unsafe, unlicensed, incompetent and/or reckless;

3. Failing to properly train, supervise and/or monitor Defendant, CARLOS BERNAL PORTILLO;

4. Failing to maintain the vehicle in a reasonably safe or prudent manner; and

5. Failing to comply with federal and state laws and regulations concerning drivers and the maintenance or repair of motor vehicles, including, but not limited to, 49 C.F.R. 300-399, Chapter 521.459 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, and Vernon's Texas Statutes and Codes Annotated, Transportation Code Titles 1, 2, and 7.

Each of the foregoing acts of negligence was the proximate cause of the collision in

question and the injuries and damages of Plaintiff.

VII.

At the time and on the occasion in question, and immediately prior thereto, Defendant,

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, was guilty of negligent entrustment

and knew or should have known that Defendant, CARLOS BERNAL PORTILLO, was a

negligent and reckless driver.

VIII.

Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, is liable for the

damages proximately caused to Plaintiff by the conduct of Defendant, CARLOS BERNAL

PORTILLO, in that Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, was the employer of Defendant, CARLOS BERNAL PORTILLO, on the date that Defendant, CARLOS BERNAL PORTILLO, negligently injured Plaintiff, as alleged above, and Defendant, CARLOS BERNAL PORTILLO, was acting within the course and scope of that employment when that injury occurred or Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, had the right to control the activities of Defendant, CARLOS BERNAL PORTILLO.

IX.

Defendant, JUAN AURELIO GARCIA, was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence in question which includes, but is not limited to, the following:

1.      Failing to keep a proper lookout;
2.      Failing to give adequate and understandable warnings to Plaintiff;
3.      Failing to control the vehicle;
4.      Failing to act and/or respond in a reasonable manner;

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

X.

At the time and on the occasion in question, and immediately prior thereto, MILLENNIAL TRANSPORT SERVICES, INC. and/or MINA LEASING AND FINANCIAL, LLC, committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiff.

Defendants MILLENNIAL TRANSPORT SERVICES, INC.'s and MINA LEASING AND FINANCIAL, LLC's independent acts of negligence include, but are not limited to, the

following:

1.  Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless;

2.  Hiring and continuing to retain an unsafe, unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unsafe, unlicensed, incompetent and/or reckless;

3.  Failing to properly train, supervise and/or monitor Defendant, JUAN AURELIO GARCIA;

4.  Failing to maintain the vehicle in a reasonably safe or prudent manner; and

5.  Failing to comply with federal and state laws and regulations concerning drivers and the maintenance or repair of motor vehicles, including, but not limited to, 49 C.F.R. 300-399, Chapter 521.459 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, and Vernon's Texas Statutes and Codes Annotated, Transportation Code Titles 1, 2, and 7.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

XI.

At the time and on the occasion in question, and immediately prior thereto, Defendants, MILLENNIAL TRANSPORT SERVICES, INC. and/or MINA LEASING AND FINANCIAL, LLC, were guilty of negligent entrustment and knew or should have known that Defendant, JUAN AURELIO GARCIA, was a negligent and reckless driver.

XII.

Defendants, MILLENNIAL TRANSPORT SERVICES, INC. and/or MINA LEASING AND FINANCIAL, LLC, are liable for the damages proximately caused to Plaintiff by the conduct of Defendant, JUAN AURELIO GARCIA, in that Defendants, MILLENNIAL TRANSPORT SERVICES, INC. and/or MINA LEASING AND FINANCIAL, LLC, were the

employer of Defendant, JUAN AURELIO GARCIA, on the date that Defendant, JUAN AURELIO GARCIA, negligently injured Plaintiff, as alleged above, and Defendant, JUAN AURELIO GARCIA, was acting within the course and scope of that employment when that injury occurred or Defendants, MILLENNIAL TRANSPORT SERVICES, INC. and/or MINA LEASING AND FINANCIAL, LLC, had the right to control the activities of Defendant, JUAN AURELIO GARCIA.

### XIII.

Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to hire, train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. Defendants knew or should have known that such hiring, training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiff's protection. Defendants failed to exercise reasonable care in performing those obligations. Plaintiff or a third party relied on Defendants' performance, and Defendants' performance increased Plaintiff's risk of harm.

### DAMAGES FOR PLAINTIFF

### XIV.

As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff was caused to suffer and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

A.      Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries

resulting from the accident;

B.     Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

C.     Physical pain and suffering in the past;

D.     Physical pain and suffering which, in reasonable probability, will be suffered in the future;

E.     Mental anguish in the past;

F.     Mental anguish which, in reasonable probability, will be suffered in the future;

G.     Physical impairment in the past;

H.     Physical impairment which, in reasonable probability, will be suffered in the future;

I.     Disfigurement in the past;

J.     Disfigurement which, in reasonable probability, will be suffered in the future;

K.     Loss of earnings in the past; and

L.     Loss of earning capacity which, in reasonable probability, will be incurred in the future.

By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. In accordance with Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief over $1,000,000.00.

### REQUEST FOR DISCLOSURE

### XV.

Pursuant to and in accordance with Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within fifty (50) days of service hereof, the information or material described in Rule 194.2(a) – (l).

PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays Defendants

be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be

entered for Plaintiff against Defendants, jointly and severally, for damages in an amount within

the jurisdictional limits of the Court; together with pre-judgment interest (from the date of

injury through the date of judgment) at the maximum rate allowed by law; post-judgment

interest at the legal rate; costs of court; and such other and further relief to which Plaintiff may

be entitled at law or in equity.

Respectfully submitted,

GOUDARZI & YOUNG, L.L.P.
P.O. Drawer 910
Gilmer, Texas 75644
Telephone:  (903) 843-2544
Facsimile:  (903) 843-2026

By: /s/Brent Goudarzi
    Brent Goudarzi
    State Bar No. 00798218
    Marty Young
    State Bar No. 24010502
    goudarziyoung@goudarzi-young.com

AND

LAW OFFICES OF MICHAEL MILLER, P.C.
Michael Miller
State Bar No. 00788060
926 Chulie Drive
San Antonio, Texas 78216
Telephone:  (210) 225-6666
Facsimile:  (210 225-2300
mmiller@michaelmillerlaw.com)

ATTORNEYS FOR PLAINTIFF

# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: ARACELI DELEON
SWIFT TRANSPORTATION SERVICES, LLC
2200 S 75th Ave
Phoenix, AZ 85043-7410

SOP Transmittal #  **537759287**

214-932-3601 - Telephone

Entity Served:  SWIFT TRANSPORTATION CO. OF ARIZONA, LLC  (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of TEXAS on this 08 day of June, 2020. The following is a summary of the document(s) received:

1. **Title of Action:**  Julio Cesar Fraga, Pltf. vs. Swift Transportation Co., et al., Dfts. // To: Swift Transportation co. of Arizona, LLC

2. **Document(s) Served:**  Other: -

3. **Court of Jurisdiction/Case Number:** None Specified
Case # B20060573CV

4. **Amount Claimed, if any:**  N/A

5. **Method of Service:**

___ Personally served by:  ___ Process Server  ___ Law Enforcement  ___ Deputy Sheriff  ___ U. S Marshall

_X_ Delivered Via:  _X_ Certified Mail  ___ Regular Mail  ___ Facsimile

___ Other (Explain):

6. **Date of Receipt:**  06/08/2020

7. **Appearance/Answer Date:**  None Specified

8. **Received From:**  None Specified

9. **Carrier Airbill #** 1ZY041160194540718

10. **Call Made to:** Not required

11. **Special Comments:**
SOP Papers with Transmittal, via  UPS Next Day Air

Image SOP

Email Notification,  ANNE ROWELL  anne_rowell@swifttrans.com

Email Notification,  ARACELI DELEON  Araceli_Deleon@swifttrans.com

**NATIONAL REGISTERED AGENTS, INC.**                    **CopiesTo:**

Transmitted by  Mara Velasco

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL





OFFICE OF

# CLARISSA WEBSTER

DISTRICT CLERK
ECTOR COUNTY COURTHOUSE
300 NORTH GRANT AVE., ROOM 301
ODESSA, TEXAS 79761-5158

TO:

*(B-20-06-0573-CV)*
Swift Transportation Co. of Arizona, LLC
REG AGENT NATIONAL REGISTERED AGENTS INC
1999 BRYAN ST STE 900
DALLAS TX 75201-3136



Return Receipt Requested

7019 0160 0000 8353 2625

CERTIFIED MAIL

U.S. POSTAGE >> PITNEY BOWES

ZIP 79761 $ 013.25°
02 1W
0001403109 JUN 03 2020

# THE STATE OF TEXAS

## CITATION BY CERTIFIED MAIL

JULIO CESAR FRAGA VS. SWIFT TRANSPORTATION
CO. OF ARIZONA, LLC, CARLOS BERNAL
PORTILLO, MILLENNIAL TRANSPORT SERVICES,
INC., MINA LEASING AND FINANCIAL, LLC, AND
JUAN AURELIO GARCIA

CAUSE NO. B-20-06-0573-CV
IN THE 161ST DISTRICT COURT
OF
ECTOR COUNTY, TEXAS

TO:   **SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,**
        DEFENDANT - GREETINGS

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney.  If you or your
attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday
next following the expiration of 20 days after the date you were served this citation and petition, a default
judgment may be taken against you."**

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00
o'clock a.m. on the Monday next after the expiration of 20 days after the date of service of this citation before
the Honorable John W Smith of Ector County, Texas at the Courthouse in said County in Odessa, Texas.

**Said PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE was filed in said
court on June 02, 2020 in the above entitled cause.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of PLAINTIFF'S ORIGINAL
PETITION AND REQUEST FOR DISCLOSURE accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Odessa Texas on this the 3rd day of June, 2020.

Attorney for Plaintiff:
Brent Goudarzi
P.O. Drawer 910
Gilmer, TX  75644

CLARISSA WEBSTER, CLERK
161st District Court
ECTOR COUNTY, TEXAS

Signed: 6/3/2020 10:08:27 AM

BY: _Maria Garcia_
       Maria Garcia, Deputy

**NOTICE:**   **This constitutes service by certified mail, as allowed by
RULE 106(a)(2) of the TEXAS RULE OF CIVIL PROCEDURE.**

**ATTACH RETURN RECEIPTS WITH**

## *ADDRESSEE'S SIGNATURE*

RULE 106(A)(2) THE CITATION SHALL
BE SERVED BY MAILING TO THE
DEFENDANT BY _____ CERTIFIED MAIL
_____RETURN RECEIPT REQUESTED, A
TRUE COPY OF THE CITATION.
SEC.17.027 RULE OF CIVIL PRACTICE
AND REMEDIES CODE IF NOT PREPARED
BY CLERK OF COURT.

Sent to:
**Swift Transportation Co. of Arizona, LLC**
**REGISTERED AGENT,**
**NATIONAL REGISTERED AGENTS, INC.**
**1999 BRYAN ST., STE 900**
**DALLAS, TX  75201-3136**

_____
_____, Deputy Clerk

300 North Grant Ave., Rm. 301
Odessa, TX  79761

## *CERTIFICATE OF DELIVERY BY MAIL*

I hereby certify that on the _____ day of

_____, 20_____

At _____ o'clock _____m., was delivered to

_____
Defendant(s) by registered mail or certified mail,
with delivery restricted to addressee only, return
receipt requested, a true copy of this citation with
a copy of the petition attached thereto.

CAUSE NO. B-20-06-0573-CV

| | | |
|---|---|---|
| **JULIO CESAR FRAGA** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | **ECTOR COUNTY, TEXAS** |
| | § | |
| **SWIFT TRANSPORTATION CO.** | § | |
| **OF ARIZONA, LLC,** | § | |
| **CARLOS BERNAL PORTILLO,** | § | |
| **MILLENNIAL TRANSPORT SERVICES,** | § | |
| **INC., MINA LEASING AND** | § | |
| **FINANCIAL, LLC, JUAN** | § | |
| **AURELIO GARCIA,** | § | |
| **TRANS-MEX, INC. S.A. DE C.V., AND** | § | |
| **MINA LEASING AND FINANCIAL** | § | |
| **SERVICES, LLC** | § | **161ST JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, JULIO CESAR FRAGA, hereinafter called Plaintiff, complaining of SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, CARLOS BERNAL PORTILLO, MILLENNIAL TRANSPORT SERVICES, INC., MINA LEASING AND FINANCIAL, LLC, JUAN AURELIO GARCIA, TRANS-MEX, INC. S.A. DE C.V., and MINA LEASING AND FINANCIAL SERVICES, LLC, hereinafter called Defendants, and for cause of action would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

I.

Discovery in this cause of action is intended to be conducted under Level 2 of Rule 190.3, Texas Rules of Civil Procedure.

---

## JURISDICTION AND VENUE

### II.

Venue is proper in Ector County pursuant to Chapter 15, Texas Civil Practice and Remedies Code, as this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

Jurisdiction is proper in this Court in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts of the State of Texas.

## PARTIES AND SERVICE

### III.

Plaintiff, JULIO CESAR FRAGA, resides in Decatur, Texas. The last three digits of Plaintiff's driver's license number are 526. The last three digits of Plaintiff's social security number are 991.

Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, is a foreign limited liability company doing business in the State of Texas. Defendant has appeared herein, is before the Court, and may be served through its counsel of record.

Defendant, CARLOS BERNAL PORTILLO, resides at 1487 C El Principio, Col Tierra Nueva Juarez, Mexico 32599, and may be served with process at this address or wherever he may be found, through the Hague Service Convention.

Defendant, MILLENNIAL TRANSPORT SERVICES, INC., is a Texas corporation doing business in the State of Texas. Defendant has appeared herein, is before the Court, and may be served through its counsel of record.

Defendant, MINA LEASING AND FINANCIAL, LLC, is a foreign limited liability

company doing business in the State of Texas and may be served with process by serving its registered agent for service of process, CT Corporation System, at 334 North Senate Avenue, Indianapolis, Indiana 46204, by certified mail, return receipt requested, issued by the District Clerk of Ector County, Texas. Defendant has not designated or maintained, and has failed to appoint, a registered agent for service of process in Texas. Pursuant to Tex. Bus. Org. Code §5.255, Defendant may be served with process through its manager, Lisa Roeder, at 8311 North Perimeter Road, Indianapolis, Indiana 46241.

Defendant, JUAN AURELIO GARCIA, resides at 3767 John Henry St., El Paso, El Paso County, Texas 79938. Defendant has appeared herein, is before the Court, and may be served through his counsel of record.

Defendant, TRANS-MEX, INC. S.A. DE C.V., is a Mexican corporation doing business in the State of Texas, and may be served with process by serving its Vice-President, Mauricio Garcia, at TRANS-MEX INC S.A. DE C.V., Libramiento Mexico II Km. 16 Poniente, Carretera Laredo – Anahuac, Ejido Del Progreso, Nuevo Laredo TAMPULIPAS, 88123 Mexico, through the Hague Service Convention. Defendant has not designated or maintained, and has failed to appoint, a registered agent for service of process in Texas. Pursuant to Tex. Bus. Org. Code §5.255, Defendant may be served with process through its Vice-President, Mauricio Garcia, at 1101 Carriers Drive, Laredo, Texas 78045.

Defendant, MINA LEASING AND FINANCIAL SERVICES, LLC, is a foreign limited liability company doing business in the State of Texas and may be served with process by serving its registered agent for service of process, CT Corporation System, at 334 North Senate Avenue, Indianapolis, Indiana 46204, by certified mail, return receipt requested, issued

by the District Clerk of Ector County, Texas. Defendant has not designated or maintained, and has failed to appoint, a registered agent for service of process in Texas. Pursuant to Tex. Bus. Org. Code §5.255, Defendant may be served with process through its manager, Lisa Roeder, at 8311 North Perimeter Road, Indianapolis, Indiana 46241.

## FACTS AND CAUSES OF ACTION

### IV.

At approximately 4:00 a.m. on December 4, 2018, Plaintiff was traveling in a 2018 Ford F250 pickup and towing a 2017 trailer eastbound on Interstate Highway 20 in Ector, Ector County, Texas. Defendant, JUAN AURELIO GARCIA, was operating a 2019 Freightliner Cascadia 113 tractor owned and/or leased by Defendants, MILLENNIAL TRANSPORT SERVICES, INC., MINA LEASING AND FINANCIAL, LLC and/or MINA LEASING AND FINANCIAL SERVICES, LLC, and towing a 2018 Great Danes trailer owned and/or leased by Defendants, MILLENNIAL TRANSPORT SERVICES, INC., MINA LEASING AND FINANCIAL, LLC and/or MINA LEASING AND FINANCIAL SERVICES, LLC, while in the course and scope of his employment with Defendants, MILLENNIAL TRANSPORT SERVICES, INC., MINA LEASING AND FINANCIAL, LLC and/or MINA LEASING AND FINANCIAL SERVICES, LLC, traveling ahead of Plaintiff. Defendant, CARLOS BERNAL PORTILLO, was operating a 2014 Freightliner tractor owned and/or leased by Defendants, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, and/or TRANS-MEX, INC. S.A. DE C.V., and towing a 2014 Great Dane Trailers trailer owned and/or leased by Defendants, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and/or TRANS-MEX, INC. S.A. DE C.V., while in the course and scope of his employment with

Defendants, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and/or TRANS-MEX, INC. S.A. DE C.V., traveling eastbound on Interstate Highway 20, and following behind Plaintiff. Suddenly and without warning, Defendant, CARLOS BERNAL PORTILLO, failed to control his vehicle, and struck Plaintiff's trailer, causing Plaintiff's tractor to collide with the trailer being operated by Defendant, JUAN AURELIO GARCIA, subjecting Plaintiff to tremendous force.

V.

Defendants, CARLOS BERNAL PORTILLO, was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence in question which includes, but is not limited to, the following:

1.  Violating Section 545.062 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads, in pertinent part, as follows:

    (a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

2.  Failing to keep a proper lookout;
3.  Failing to timely apply brakes;
4.  Failing to control the vehicle;
5.  Failing to act and/or respond in a reasonable manner; and
6.  Failing to control the speed of the vehicle.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

VI.

At the time and on the occasion in question, and immediately prior thereto, Defendants,

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and/or TRANS-MEX, INC. S.A. DE

C.V., committed acts of omission and commission, which collectively and severally constituted

negligence and which were a proximate cause of the injuries to and the damages of Plaintiff.

Defendants SWIFT TRANSPORTATION CO. OF ARIZONA, LLC's and TRANS-

MEX, INC. S.A. DE C.V.'s independent acts of negligence include, but are not limited to, the

following:

1. Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver
   when it knew and/or should have known the driver of the subject truck was
   unlicensed, incompetent, and/or reckless;

2. Hiring and continuing to retain an unsafe, unlicensed, incompetent and/or reckless
   driver when it knew and/or should have known that the subject driver was unsafe,
   unlicensed, incompetent and/or reckless;

3. Failing to properly train, supervise and/or monitor Defendant, CARLOS BERNAL
   PORTILLO;

4. Failing to maintain the vehicle in a reasonably safe or prudent manner; and

5. Failing to comply with federal and state laws and regulations concerning drivers
   and the maintenance or repair of motor vehicles, including, but not limited to, 49
   C.F.R. 300-399, Chapter 521.459 of Vernon's Texas Statutes and Codes
   Annotated, Transportation Code, and Vernon's Texas Statutes and Codes
   Annotated, Transportation Code Titles 1, 2, and 7.

Each of the foregoing acts of negligence was the proximate cause of the collision in

question and the injuries and damages of Plaintiff.

VII.

At the time and on the occasion in question, and immediately prior thereto, Defendants,

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and/or TRANS-MEX, INC. S.A. DE

C.V., were guilty of negligent entrustment and knew or should have known that Defendant,

CARLOS BERNAL PORTILLO, was a negligent and reckless driver.

VIII.

Defendants, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and/or TRANS-MEX, INC. S.A. DE C.V., are liable for the damages proximately caused to Plaintiff by the conduct of Defendant, CARLOS BERNAL PORTILLO, in that Defendants, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and/or TRANS-MEX, INC. S.A. DE C.V., were the employer of Defendant, CARLOS BERNAL PORTILLO, on the date that Defendant, CARLOS BERNAL PORTILLO, negligently injured Plaintiff, as alleged above, and Defendant, CARLOS BERNAL PORTILLO, was acting within the course and scope of that employment when that injury occurred or Defendants, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and/or TRANS-MEX, INC. S.A. DE C.V., had the right to control the activities of Defendant, CARLOS BERNAL PORTILLO.

IX.

Defendant, JUAN AURELIO GARCIA, was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence in question which includes, but is not limited to, the following:

1.    Failing to keep a proper lookout;
2.    Failing to give adequate and understandable warnings to Plaintiff;
3.    Failing to control the vehicle;
4.    Failing to act and/or respond in a reasonable manner;

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

X.

At the time and on the occasion in question, and immediately prior thereto,

MILLENNIAL TRANSPORT SERVICES, INC., MINA LEASING AND FINANCIAL, LLC and/or MINA LEASING AND FINANCIAL SERVICES, LLC, committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiff.

Defendants MILLENNIAL TRANSPORT SERVICES, INC.'s, MINA LEASING AND FINANCIAL, LLC's and/or MINA LEASING AND FINANCIAL SERVICES, LLC's independent acts of negligence include, but are not limited to, the following:

1.   Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless;

2.   Hiring and continuing to retain an unsafe, unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unsafe, unlicensed, incompetent and/or reckless;

3.   Failing to properly train, supervise and/or monitor Defendant, JUAN AURELIO GARCIA;

4.   Failing to maintain the vehicle in a reasonably safe or prudent manner; and

5.   Failing to comply with federal and state laws and regulations concerning drivers and the maintenance or repair of motor vehicles, including, but not limited to, 49 C.F.R. 300-399, Chapter 521.459 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, and Vernon's Texas Statutes and Codes Annotated, Transportation Code Titles 1, 2, and 7.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

XI.

At the time and on the occasion in question, and immediately prior thereto, Defendants, MILLENNIAL TRANSPORT SERVICES, INC., MINA LEASING AND FINANCIAL, LLC and/or MINA LEASING AND FINANCIAL SERVICES, LLC, were guilty of negligent

entrustment and knew or should have known that Defendant, JUAN AURELIO GARCIA, was a negligent and reckless driver.

XII.

Defendants, MILLENNIAL TRANSPORT SERVICES, INC., MINA LEASING AND FINANCIAL, LLC and/or MINA LEASING AND FINANCIAL SERVICES, LLC, are liable for the damages proximately caused to Plaintiff by the conduct of Defendant, JUAN AURELIO GARCIA, in that Defendants, MILLENNIAL TRANSPORT SERVICES, INC., MINA LEASING AND FINANCIAL, LLC and/or MINA LEASING AND FINANCIAL SERVICES, LLC, were the employer of Defendant, JUAN AURELIO GARCIA, on the date that Defendant, JUAN AURELIO GARCIA, negligently injured Plaintiff, as alleged above, and Defendant, JUAN AURELIO GARCIA, was acting within the course and scope of that employment when that injury occurred or Defendants, MILLENNIAL TRANSPORT SERVICES, INC., MINA LEASING AND FINANCIAL, LLC and/or MINA LEASING AND FINANCIAL SERVICES, LLC, had the right to control the activities of Defendant, JUAN AURELIO GARCIA.

XIII.

Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to hire, train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. Defendants knew or should have known that such hiring, training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiff's protection. Defendants failed to exercise reasonable care in performing those obligations. Plaintiff or a third party relied on Defendants' performance, and Defendants'

performance increased Plaintiff's risk of harm.

## DAMAGES FOR PLAINTIFF

### XIV.

As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff was caused to suffer and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident;

B.    Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

C.    Physical pain and suffering in the past;

D.    Physical pain and suffering which, in reasonable probability, will be suffered in the future;

E.    Mental anguish in the past;

F.    Mental anguish which, in reasonable probability, will be suffered in the future;

G.    Physical impairment in the past;

H.    Physical impairment which, in reasonable probability, will be suffered in the future;

I.    Disfigurement in the past;

J.    Disfigurement which, in reasonable probability, will be suffered in the future;

K.    Loss of earnings in the past; and

---

L.      Loss of earning capacity which, in reasonable probability, will be incurred in the future.

By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.  In accordance with Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief over $1,000,000.00.

### REQUEST FOR DISCLOSURE

### XV.

Pursuant to and in accordance with Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within fifty (50) days of service hereof, the information or material described in Rule 194.2(a) – (l).

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

GOUDARZI & YOUNG, L.L.P.
P.O. Drawer 910
Gilmer, Texas 75644
Telephone: (903) 843-2544
Facsimile: (903) 843-2026

By: /s/Brent Goudarzi
    Brent Goudarzi
    State Bar No. 00798218
    Marty Young
    State Bar No. 24010502
E-service:  goudarziyoung@goudarzi-young.com

AND

LAW OFFICES OF MICHAEL MILLER, P.C.
Michael Miller
State Bar No. 00788060
926 Chulie Drive
San Antonio, Texas 78216
Telephone: (210) 225-6666
Facsimile:  (210) 225-2300
mmiller@michaelmillerlaw.com

***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's First Amended Original Petition and Request for Disclosure was forwarded to the following counsel this 30 day of October, 2020, via the Texas efiling system:

Samuel J. Stennis
Jordan P. Irons
Cotton, Bledsoe, Tighe & Dawson, P.C.
P.O. Box 2776
Midland, Texas 79702-2776

Danny M. Needham
Mullin Hoard & Brown, L.L.P.
P.O. Box 31656
Amarillo, Texas 79120-1656

Brent Goudarzi